Randall J. Sunshine (SBN 137363)
    rsunshine@linerlaw.com
Ryan E. Hatch (SBN 235577)
    rhatch@linerlaw.com
Jason L. Haas (SBN 217290)
    jhaas@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:   (310) 500-3500
Facsimile:    (310) 500-3501

Attorneys for Plaintiff
SIGNAL IP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL IP, INC., a California corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>FIAT U.S.A., INC. a New York corporation; FIAT NORTH AMERICA LLC, a Delaware limited liability company; CHRYSLER GROUP LLC, a Delaware limited liability company,<br><br>         Defendants. | Case No. 14-cv-3105<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff Signal IP, Inc. ("Signal IP" or "Plaintiff") brings this Complaint against Defendants Fiat U.S.A., Inc. Fiat North America, LLC, and Chrysler Group LLC (collectively, "Fiat/Chrysler" or "Defendants"), alleging as follows:

## PARTIES

    1.    Plaintiff Signal IP is a California corporation with its principal place of business at 11100 Santa Monica Blvd., Suite 380, Los Angeles, CA 90025.

    2.    On information and belief, Defendant Fiat U.S.A., Inc. is a New York corporation with its principal place of business at 7 Times Square Tower, Suite 4306, New York, NY 10036.

Case No. 14-cv-3105
COMPLAINT FOR PATENT INFRINGEMENT

3. On information and belief, Defendant Fiat North America, LLC is a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326.

4. On information and belief, Defendant Chrysler Group LLC is a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326-2766.

## JURISDICTION, VENUE AND JOINDER

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants. Defendants have conducted extensive commercial activities and continue to conduct extensive commercial activities within the State of California. Additionally, on information and belief, Defendants, directly and/or through intermediaries (including Defendants' entities, subsidiaries, distributors, sales agents, partners and others), distribute, offer for sale, sell, and/or advertise their products (including but not limited to the products and services that are accused of infringement in this lawsuit) in the United States, in the State of California, and in this judicial district, under the "Fiat", "Chrysler", "Dodge", "Jeep" and "Maserati" brand names. Defendants have purposefully and voluntarily placed one or more of their infringing products and services into the stream of commerce with the expectation that the products and services will be purchased or used by customers in California and within this judicial district. Accordingly, Defendants have infringed Signal IP's patents within the State of California and in this judicial district as alleged in more detail below.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. Signal IP, Inc. is a California corporation with a principal place of business at 11100 Santa Monica Blvd., Suite 380, Los Angeles, CA 90025. It is the

owner of the entire right, title and interest in and to U.S. Patent Nos. 5,714,927; 5,732,375; 6,434,486; 6,775,601; 6,012,007; and 5,463,374 (the "Patents-in-Suit").

9. On information and belief, Defendants are direct or indirect subsidiaries of global car manufacturer and distributor Fiat S.p.A., which is headquartered in Italy. Fiat S.p.A. manufactures and distributes cars under the "Fiat", "Chrysler", "Dodge", "Jeep" and "Maserati" brand names.

## FIRST CLAIM FOR RELIEF
## (Infringement of the '927 Patent)

10. Plaintiff incorporates paragraphs 1 through 9 of this complaint as if set forth in full herein.

11. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,714,927 (the '927 Patent), entitled "Method of Improving Zone of Coverage Response of Automotive Radar." The '927 Patent was duly and legally issued by the U.S. Patent and Trademark Office on February 3, 1998. A true and correct copy of the '927 Patent is attached as Exhibit A.

12. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Blind Spot Monitoring system, used in products including but not limited to the Chrysler 200, 300, and Town & Country, the Dodge Charger, Dart, Durango, Grand Caravan, Ram Cargo Van, and Durango Hybrid, and the Jeep Cherokee and Grand Cherokee.

13. Defendants have contributorily infringed and are currently contributorily infringing the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Blind Spot Monitoring system, used in products including but not limited to the Chrysler 200, 300, and Town & Country, the Dodge Charger, Dart, Durango, Grand Caravan, Ram Cargo Van, and Durango

Hybrid, and the Jeep Cherokee and Grand Cherokee.

14. Defendants have actively induced and are actively inducing the infringement of the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Blind Spot Monitoring system, used in products including but not limited to the Chrysler 200, 300, and Town & Country, the Dodge Charger, Dart, Durango, Grand Caravan, Ram Cargo Van, and Durango Hybrid and the Jeep Cherokee, and Grand Cherokee.

15. Defendants' infringement of the '927 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

16. Unless enjoined by this Court, Defendants will continue to infringe the '927 Patent.

17. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '375 Patent)

18. Plaintiff incorporates paragraphs 1 through 17 of this complaint as if set forth in full herein.

19. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,732,375 (the '375 Patent), entitled "Method of Inhibiting or Allowing Airbag Deployment." The '375 Patent was duly and legally issued by the U.S. Patent and Trademark Office on March 24, 1998. A true and correct copy of the '375 Patent is attached as Exhibit B.

20. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and

claimed in the '375 Patent, including but not limited to the Occupant Classification System, used in products including but not limited to the Chrysler 200, 300, Town & Country, Sebring, Aspen, PT Cruiser, and Aspen Hybrid, the Dodge (SRT) Viper, Avenger, Caliber, Challenger, Charger, Dart, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Dakota, Magnum, Nitro, and Durango Hybrid, and the Jeep Cherokee, Compass, Grand Cherokee, Liberty, Patriot, and Wrangler.

21. Defendants have contributorily infringed and are currently contributorily infringing the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the Occupant Classification System, used in products including but not limited to the Chrysler 200, 300, Town & Country, Sebring, Aspen, PT Cruiser, and Aspen Hybrid, the Dodge (SRT) Viper, Avenger, Caliber, Challenger, Charger, Dart, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Dakota, Magnum, Nitro, and Durango Hybrid, and the Jeep Cherokee, Compass, Grand Cherokee, Liberty, Patriot, and Wrangler.

22. Defendants have actively induced and are actively inducing the infringement of the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the Occupant Classification System, used in products including but not limited to the Chrysler 200, 300, Town & Country, Sebring, Aspen, PT Cruiser, and Aspen Hybrid, the Dodge (SRT) Viper, Avenger, Caliber, Challenger, Charger, Dart, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Dakota, Magnum, Nitro, and Durango Hybrid, and the Jeep Cherokee, Compass, Grand Cherokee, Liberty, Patriot, and Wrangler.

23. Defendants' infringement of the '375 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

24. Unless enjoined by this Court, Defendants will continue to infringe the

'375 Patent.

25. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF

### (Infringement of the '486 Patent)

26. Plaintiff incorporates paragraphs 1 through 25 of this complaint as if set forth in full herein.

27. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,434,486 (the '486 Patent), entitled "Technique for Limiting the Range of an Object Sensing System in a Vehicle." The '486 Patent duly and legally issued by the U.S. Patent and Trademark Office on August 13, 2002. A true and correct copy of the '486 Patent is attached as Exhibit C.

28. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to collision prevention or avoidance systems, including but not limited to the (1) Adaptive Cruise Control system, used in products including but not limited to the Chrysler 200, 300, Town & Country, Crossfire, Pacific, and PT Cruiser, and the Dodge Charger, Durango, Grand Caravan, Journey, Dakota, Nitro, and Durango Hybrid; and (2) the Forward Collision Warning Plus system, used in products including but not limited to the Jeep Cherokee and Grand Cherokee.

29. Defendants have contributorily infringed and are currently contributorily infringing the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to collision prevention or avoidance systems,

including but not limited to the (1) Adaptive Cruise Control system, used in products including but not limited to the Chrysler 200, 300, Town & Country, Crossfire, Pacific, and PT Cruiser, and the Dodge Charger, Durango, Grand Caravan, Journey, Dakota, Nitro, and Durango Hybrid; and (2) the Forward Collision Warning Plus system, used in products including but not limited to the Jeep Cherokee and Grand Cherokee.

30. Defendants have actively induced and are actively inducing the infringement of the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to collision prevention or avoidance systems, including but not limited to the (1) Adaptive Cruise Control system, used in products including but not limited to the Chrysler 200, 300, Town & Country, Crossfire, Pacific, and PT Cruiser, and the Dodge Charger, Durango, Grand Caravan, Journey, Dakota, Nitro, and Durango Hybrid; and (2) the Forward Collision Warning Plus system, used in products including but not limited to the Jeep Cherokee and Grand Cherokee.

31. Defendants' infringement of the '486 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

32. Unless enjoined by this Court, Defendants will continue to infringe the '486 Patent.

33. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

### FOURTH CLAIM FOR RELIEF
#### (Infringement of the '601 Patent)

34. Plaintiff incorporates paragraphs 1 through 33 of this complaint as if set forth in full herein.

35. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,775,601 (the '601 Patent), entitled "Method and Control System for Controlling Propulsion in a Hybrid Vehicle." The '601 Patent was duly and legally issued by the U.S. Patent and Trademark Office on August 10, 2004. A true and correct copy of the '601 Patent is attached as Exhibit D.

36. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '601 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems for hybrid vehicles disclosed and claimed in the '601 Patent, including but not limited to the Chrysler Aspen Hybrid, and the Dodge Durango Hybrid.

37. Defendants have contributorily infringed and are currently contributorily infringing the '601 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '601 Patent, including but not limited to the Chrysler Aspen Hybrid, and the Dodge Durango Hybrid.

38. Defendants have actively induced and are actively inducing the infringement of the '601 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '601 Patent, including but not limited to the Chrysler Aspen Hybrid, and the Dodge Durango Hybrid.

39. Defendants' infringement of the '601 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

40. Unless enjoined by this Court, Defendants will continue to infringe on the '601 Patent.

41. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## FIFTH CLAIM FOR RELIEF

### (Infringement of the '007 Patent)

42. Plaintiff incorporates paragraphs 1 through 40 of this complaint as if set forth in full herein.

43. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,012,007 (the '007 Patent), entitled "Occupant Detection Method and Apparatus for Air Bag System." The '007 Patent was duly and legally issued by the U.S. Patent and Trademark Office on January 4, 2000. A true and correct copy of the '007 Patent is attached as Exhibit E.

44. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the Occupant Classification System, used in products including but not limited to the Chrysler 200, 300, Town & Country, Sebring, Aspen, Crossfire, Pacific, PT Cruiser, and Aspen Hybrid, the Dodge (SRT) Viper, Avenger, Caliber, Challenger, Charger, Dart, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Dakota, Magnum, Nitro, and Durango Hybrid, and Jeep Cherokee, Compass, Grand Cherokee, Liberty, Patriot, and Wrangler.

45. Defendants have contributorily infringed and are currently contributorily infringing the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the Occupant Classification System, used in products including but not limited to the Chrysler 200, 300, Town & Country, Sebring, Aspen, Crossfire, Pacific, PT Cruiser, and Aspen Hybrid, the Dodge (SRT) Viper, Avenger, Caliber, Challenger, Charger, Dart, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Dakota, Magnum, Nitro, and Durango Hybrid, and Jeep Cherokee, Compass, Grand Cherokee, Liberty, Patriot,

1 and Wrangler.

2     46.    Defendants have actively induced and are actively inducing the infringement of the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the Occupant Classification System, used in products including but not limited to the Chrysler 200, 300, Town & Country, Sebring, Aspen, Crossfire, Pacific, PT Cruiser, and Aspen Hybrid, the Dodge (SRT) Viper, Avenger, Caliber, Challenger, Charger, Dart, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Dakota, Magnum, Nitro, and Durango Hybrid, and Jeep Cherokee, Compass, Grand Cherokee, Liberty, Patriot, and Wrangler.

    47.    Defendants' infringement of the '007 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

    48.    Unless enjoined by this Court, Defendants will continue to infringe on the '007 Patent.

    49.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the '374 Patent)

    50.    Plaintiff incorporates paragraphs 1 through 49 of this complaint as if set forth in full herein.

    51.    Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,463,374 (the '374 Patent), entitled "Method and Apparatus for Tire Pressure Monitoring and for Shared Keyless Entry Control." The '374 Patent was duly and legally issued by the U.S. Patent and Trademark Office on October 31, 1995. A true and correct copy of the '374 Patent is attached as Exhibit F.

52.	Defendants have directly infringed, literally and/or under the doctrine of equivalents, the '374 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems for vehicles disclosed and claimed in the '374 Patent, including but not limited to the integrated Remote Keyless Entry (RKE) and Tire Pressure Monitor Systems (TPMS), used in products including but not limited to the Chrysler 300, and Town & Country, the Dodge Challenger, Charger, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Magnum, and Durango Hybrid, and Jeep Grand Cherokee.

53.	Defendants have contributorily infringed the '374 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '374 Patent, including but not limited to the integrated Remote Keyless Entry (RKE) and Tire Pressure Monitor Systems (TPMS), used in products including but not limited to the Chrysler 300, and Town & Country, the Dodge Challenger, Charger, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Magnum, and Durango Hybrid, and Jeep Grand Cherokee.

54.	Defendants have actively induced infringement of the '374 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '374 Patent, including but not limited to the integrated Remote Keyless Entry (RKE) and Tire Pressure Monitor Systems (TPMS), used in products including but not limited to the Chrysler 300, and Town & Country, the Dodge Challenger, Charger, Durango, Grand Caravan, Journey, Ram, Ram Cargo Van, Ram Promaster, Magnum, and Durango Hybrid, and Jeep Grand Cherokee.

55.	As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injury for which it has no adequate remedy at law.  Plaintiff also has been damaged in an amount yet to be determined.

# PRAYER FOR RELIEF

Wherefore, Signal IP respectfully requests that the Court enter judgment against Defendants as follows:

1. That Defendants have directly infringed the Patents-in-Suit;
2. That Defendants have contributorily infringed the Patents-in-Suit;
3. That Defendants have induced the infringement of the Patents-in-Suit;
4. That Defendants' infringement be adjudged willful and deliberate;
5. That Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, successors, assigns, and all those acting in concert, participation, or privity with them or on their behalf, including customers, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-in-Suit;
6. For damages, according to proof, for Defendants' infringement, together with pre-judgment and post-judgment interest, as allowed by law and that such damages be trebled as provided by 35 U.S.C. § 284;
7. That this Court determine that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Signal IP is warranted; and
8. For such other and further relief as the Court may deem just and proper.

Dated: April 23, 2014        LINER LLP


By:   */s/ Ryan E. Hatch*
      Randall J. Sunshine
      Ryan E. Hatch
      Jason L. Haas
      Attorneys for Plaintiff SIGNAL IP, INC.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff Signal IP, Inc. respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

Dated: April 23, 2014          LINER LLP

By:    */s/ Ryan E. Hatch*
       Randall J. Sunshine
       Ryan E. Hatch
       Jason L. Haas
       Attorneys for Plaintiff SIGNAL IP, INC.